Filed June 1, 1886.

---

No. 11,944.

SPENCER ET AL. v. ROBBINS ET AL.

DEED.—*Postponement of Enjoyment of Estate Granted, Until Death of Grantor.*— WILL.—An instrument executed conformably to the statute, which is to operate in the lifetime of the grantor and which passes any estate in the property during his lifetime, even though the absolute enjoyment of the estate is postponed until after his death, is a deed, and not a will.

Spencer *et al. v.* Robbins *et al.*

SAME.—*When Not of Testamentary Character.—Construction.*—An instrument purported to convey and warrant, to named persons, for love and affec tion and five dollars, certain described real estate, "as tenants in common, in the following proportions, to wit: To be equally divided between them at my decease, and after the payment of all my funeral and burial expenses by them fully settled; and they are to pay all taxes and other expenses of repairs and improvements on the same during my natural life, and then the title to vest in them absolutely." The paper was dated, signed and acknowledged with the formalities of a deed. After the death · of the grantor suit was brought by other heirs against the grantees for partition of the property.

*Held,* that such instrument is a valid deed, and not an attempted testamentary disposition, and that it vested in the grantees a present estate in fee simple.

WITNESS.—*Impeachment.—Specific Acts of Immorality.*—Specific acts of immorality can not be proved for the purpose of impeaching the moral character of a witness.

SAME.—*Character and Antecedents.—Discretion of Trial Court.—Practice.*—Under some circumstances, and in the sound discretion of the trial court, questions may be asked of a witness on cross-examination for the purpose of showing his character and antecedents, but to justify a reversal on account of a refusal to allow such questions, a clear abuse of discretion must be shown.

SAME.—*Heirs.—Parties.—Statute Construed.*—To render a party incompetent to testify under section 499, R. S. 1881, he must be a party to the issue, and not merely a party to the record. One who disclaims any interest in the subject of litigation is a competent witness.

EVIDENCE.—*Deed.— Delivery.—Declarations of Grantor in Disparagement of Grantee's Title.*—Declarations of a grantor, made in the presence of one of the grantees, in disparagement of the title of the latter, are competent under an issue involving the delivery of the deed.

PRACTICE.—*Trial by Jury.—Submission of Particular Questions of Fact.*—In a case which is triable by a jury generally, it is not error to refuse to submit a particular question of fact to the jury.

INFANT.—*Can Prosecute Action Only by Next Friend.*—Infants may defend by guardian *ad litem,* but they can not, over objection, thus prosecute an action, either upon a complaint or cross complaint. They can prosecute only by next friend, as provided by sections 256-258, R. S. 1881.

From the Sullivan Circuit Court.

*W. S. Maple, J. T. Hays, H. J. Hays, J. C. Briggs, J. W. Shelton* and *C. E. Barrett,* for appellants.

*J. S. Bays, S. C. Coulson, J. T. Beasley* and *A. B. Williams,* for appellees.

MITCHELL, J.—This was an action by Martha A. Spencer and others to have partition of certain real estate.

William M. and Anthony S. Robbins, who were summoned as defendants, appeared, and by a cross complaint asserted an absolute title to the whole estate of which partition was prayed in the complaint. They rested their right to the land on a deed of conveyance from Eliza Robbins, through whom the appellants claimed by inheritance. The prayer of the cross complainants was, that their title might be quieted. They had judgment accordingly.

The validity of the deed, by means of which the cross complainants prevailed in the court below, is made a question for consideration. This instrument was of the tenor following:

" This indenture witnesseth, that I, Eliza Robbins, of Sullivan county, in the State of Indiana, convey and warrant to William M. Robbins and Anthony S. Robbins of Sullivan county, in the State of Indiana, for natural love and affection and five dollars, the receipt whereof is hereby acknowledged, the following real estate in Sullivan county, in the State of Indiana, to wit: The east half of the northeast quarter and the southwest quarter of the northeast quarter of section 23, township seven (7) north, range nine (9) west, containing one hundred and twenty acres, as tenants in common, in the following proportions, to wit: To be equally divided between them at my decease, and after the payment of all my funeral and burial expenses by them fully settled; and they are to pay all taxes and other expenses of repairs and improvements on the same during my natural life, and then the title to vest in them absolutely. In witness whereof, the said Eliza Robbins has hereunto set her hand and seal this 28th day of April, 1869."

This paper was dated, signed and acknowledged, with the formalities of a deed. The insistence of counsel is, that this deed vested in the grantees no estate whatever which was to take effect during the lifetime of the grantor. It was, therefore, testamentary in its character, and not having been exe-

cuted in conformity with the law governing the execution of wills, they contend that it is void. The premise granted, the conclusion insisted upon might well follow.

We entertain a different view upon the subject of the construction of the deed in question. Section 2927, R. S. 1881, provides that "Any conveyance of lands worded in substance as follows,—' A. B. conveys and warrants to C. D. [here describe the premises] for the sum of [here insert the consideration]'—the said conveyance being dated, and duly signed, sealed, and acknowledged by the grantor—shall be deemed and held to be a conveyance in fee simple to the grantee," etc.

The instrument under consideration contains none of the language or peculiarities of a will. It embodies all the requisites of a statutory deed, and plainly vests in the grantees an estate in fee simple, unless the recitals following the description of the land manifest a contrary intent. We do not think such an intent appears upon the face of the deed.

The recital that the land was to be equally divided between the grantees, at the decease of the grantor, was not in derogation of the absolute grant in fee simple. The most that can be said of the recitals is, they manifest an awkward, and probably successful, attempt to reserve to the grantor a life-estate in the land.

An instrument executed conformably to the statute, which is to operate in the lifetime of the grantor, and which passes any estate in the property during the grantor's lifetime, even though the absolute enjoyment of the estate passed is postponed until after the grantor's death, is a deed, and not a will. *In re Will of Dietz,* 50 N. Y. 88.

Prior to the enactment of the statute of uses, a deed which attempted to create a freehold estate to commence *in futuro,* without a particular estate to support it, was invalid. By the express terms of section 2959, R. S. 1881, such estates may now be created. Wherever the estate is presently created, so that an interest vests with the execution of the paper, then,

even though the enjoyment of the estate is postponed, the instrument creating it is a deed.

The conveyance under consideration, in our view, vests a present estate in fee simple in the grantees. If it contains the reservation of a life-estate in favor of the grantor, it does so only by implication. Whether it does or not can make no difference, inasmuch as a present interest is vested in the grantees. It would seem probable that the purpose was to reserve the use and possession of the estate to the grantor during her lifetime, the grantees meanwhile paying the taxes, expense of repairs and improvements. Of the validity of such a deed there can be no question. *Tompson* v. *Browne,* 3 Myl. & K. 32; *Hall* v. *Burkam,* 59 Ala. 349.

The case of *Turner* v. *Scott,* 51 Pa. St. 126, involved the construction of a deed in many respects similar to that above set out. The deed there, however, contained the following stipulation : " Excepting and reserving, nevertheless, the entire use and possession of said premises unto the said John Scott and his assigns for and during the term of his natural life; and this conveyance in no way to take effect until after the decease of the said John Scott the grantor." The *habendum* was to have and to hold the premises "after the decease of said John Scott." It was held that inasmuch as it appeared on the face of the deed that it was not to take effect until after the death of the grantor, it was inoperative as a deed.

The case of *Leaver* v. *Gauss,* 62 Iowa, 314, turned upon the construction of a deed similar in effect to that involved in *Turner* v. *Scott, supra.* The deed in the Iowa case contained a stipulation that the "grantee shall have no interest in said premises as long as the said grantors or either of them shall live." This was held to be testamentary in character.

An instrument, having otherwise the formalities of a deed, will be construed to operate as a deed, whenever it appears therefrom that it was the intent of the maker to convey any estate or interest whatever, to vest upon the execution of the

paper. If, however, it appears that all the estate which it was the purpose to convey was reserved to the grantor during his life, and the deed was only to take effect upon the death of the grantor, it will be construed to be testamentary in its character. *Wall* v. *Wall*, 30 Miss. 91; 19 Cent. L. J. 46.

The rule is that unless an instrument, which has been fully executed, from every point of view seems to be a nullity, it will not be intended that the parties meant that it should be invalid, and some effect will, if possible, be given to it. *Gano* v. *Aldridge*, 27 Ind. 294; *Stout* v. *Dunning*, 72 Ind. 343.

The decision in the case of *Jones* v. *Loveless*, 99 Ind. 317, was based mainly on the fact that there had been no delivery of the deed in the lifetime of the grantor. It was said incidentally in that case, that the reservations in the deed clearly showed that the grantor did not intend it to take effect or become operative for any purpose during his natural life. Upon the assumption that such purpose appeared upon the face of the deed, the conclusion there reached is in harmony with our conclusion here. In the case before us we think no such purpose is apparent.

Concerning the objection which was made to the admission of evidence, relating to the understanding of the parties to the deed, as to its character, in respect to whether it was to operate as a present conveyance or not, while it may be said the inquiry in the form in which it was made was objectionable, nevertheless, as the understanding of the parties, as disclosed in the evidence admitted, was in harmony with the face of the deed as we have construed it, the error was at most a harmless one.

At the trial one Malinda Alsman gave testimony favorable to the cross complainants. On her cross-examination she was asked whether or not her husband was not confined in the Illinois State prison. An objection was sustained to this question. It was stated to the court that it was proposed by her answer to show that the witness' husband had been for a period of eleven months, and was then, confined in prison.

That it was also proposed to show by the witness that she was then pregnant, and that by reason of non-access to her husband, her pregnancy must have resulted from adulterous intercourse.

This was to impeach her character and discredit her testimony. This method of discrediting a witness can rarely, if ever, be competent. The rule is well settled that specific acts of immorality can not be proved for the purpose of impeaching the moral character of a witness. It may be proper, however, under extraordinary circumstances, to ask questions of a witness on cross-examination for the purpose of showing his character and antecedents. *Bessette* v. *State*, 101 Ind. 85 ; *City of South Bend* v. *Harding*, 98 Ind. 577 (49 Am. R. 792). This is a matter, however, within the sound discretion of the *nisi prius* court, to be exercised in each case as necessity may seem to require. In order to justify a reversal there must have been a clear abuse. We can not say that there was an abuse of discretion in this case.

Complaint is next made of the ruling of the court in excluding certain evidence which it is claimed would have tended to show that a witness had testified on a former trial, contrary to certain statements made in his testimony given at the present trial.

The witness testified that Mrs. Robbins, the grantor in the deed, told him that she had " deeded the land to William and Anthony to take care of her during her lifetime."

It was proposed to prove that on a former trial the same witness testified that Mrs. Robbins told him that she had " given the land to them to take care of her."

The variance between the several statements imputed to the witness was so slight that we can not say the court may not have properly regarded the difference as entirely immaterial. The statements are not materially inconsistent with each other.

The appellants proposed to prove by one Washington Robbins, that the grantor, Mrs. Robbins, in the presence of one

of the cross complainants, made certain declarations after the deed in question was made, which tended to impeach or disparage the title of her grantees to a portion of the land embraced in the deed. This evidence was excluded.

It was a disputed question whether the deed, through which the cross complainants claimed, had ever been delivered or not. Its execution was denied under oath. There was some testimony tending to show that it had come into the possession of the grantees surreptitiously. In this state of the case, it was proposed to prove by the witness that Mrs. Robbins, in her lifetime, after the alleged execution of the deed, said, in the presence of one of the grantees, that the land belonged to her, and that she could do with it as she pleased, and that she had made or was about to make a deed for part of it to the sons of her son " Dick."

It is contended that the witness, Washington Robbins, being a party to the record, was incompetent to testify on appellants' behalf under section 499, R. S. 1881. The record shows that the witness was a party named in the cross complaint, but he had filed an answer disclaiming any interest in the land. It was accordingly adjudged that he had no interest in the land, and that he recover his costs. The term " party," as used in this statute, must be held to mean a party to the issue, and not merely a party to the record. If merely a party to the record, it must appear that he had some interest in the result of the suit in common with the party calling him. *Upton* v. *Adams*, 27 Ind. 432; *Starret* v. *Burkhalter*, 86 Ind. 439.

It can not be a correct construction of the statute to hold that it is within the power of one party to deprive the other of important testimony by making parties of those who have no adverse interest in the subject of litigation, and by that means prevent his adversary from calling them as witnesses.

It is claimed further, that the evidence was incompetent because it tended to prove declarations of the grantor which went to impeach the title of her grantees. The declarations

which it was proposed to prove were, however, made in the presence of one of the grantees. That they were true, was at the time in no wise challenged by the party in whose presence and against whose interest they were made. We can perceive no reason why they were not competent, as tending to support the theory that the execution of the deed had never been completed by a delivery. It is well settled that declarations of a grantor, after he has parted with his title, made in the absence of the grantee, in disparagement of the title of the latter, are not admissible. *McSweeney* v. *McMillen*, 96 Ind. 298. But the declarations here in question having been made in the presence of one of the grantees, they were competent as directed to the issue made upon the delivery of the deed. This evidence was material, and the ruling of the court was such error as must reverse the judgment.

Upon the issues made, no questions of equitable cognizance having been made, the case was triable by jury, but as the motion of the appellant was to submit a single question relating to the execution of the deed to a jury, it was not error to overrule it. That the action was to quiet title, nominally, does not necessarily determine that it was triable by a jury. Where the purpose of the action is primarily to establish an equitable right to land and acquire a legal title through such right by the decree of a court, as by the specific enforcement of an agreement, the reformation of a deed, or the establishment of a trust, etc., the case is of equitable cognizance. Here a legal title was counted upon and nothing more. The only question was, had a deed been executed?

In a case which is triable by jury generally, it is not error to refuse to submit a particular question of fact to a jury. The request to submit a particular question to a jury, as whether the deed was executed, was a waiver of the right to a jury to try the case generally.

The motion to strike out the cross complaint filed by the guardian *ad litem,* of certain infant defendants, was properly

sustained. Infants may defend by a guardian *ad litem*, but they can not, over objection, thus prosecute an action either upon a complaint or cross complaint. They can prosecute only by next friend, as provided by statute. Sections 256-258, R. S. 1881.

For the error above indicated, the judgment is reversed, with costs.

Filed March 23, 1886; petition for a rehearing overruled June 3, 1886.