## CITIZENS STREET RAILROAD COMPANY *v.* HEATH.

[No. 3,747. Filed November 26, 1901. Transfer denied June 20, 1902.]

NEGLIGENCE.—*Freedom from Fault.*—*Complaint.*—Where it appears from the complaint in an action for personal injuries that the injured person was without fault contributing to his injuries, the complaint is good as against a demurrer without a general averment as to freedom from contributory negligence. *p. 397.*

PLEADING.—*Amendment During Trial.*—A cause will not be reversed because of the action of the court in allowing a pleading to be amended during the progress of the trial, where it does not ap-

pear that the issues where changed by the amendment or that the complaining party was prejudiced thereby. *pp. 398, 399.*

APPEAL AND ERROR.—*Transcript.—Briefs.*—The sufficiency of a pleading is not presented on appeal, where it is stated in appellee's brief that it nowhere appears in the transcript that any ruling was made upon the demurrer thereto, and the appellant does not cite the court to the page of the transcript showing such ruling. *p. 399.*

SAME.—*Refusal to Submit Interrogatories.—Harmless Error.*—Where in an action for damages the defendant pleaded a release, and the plaintiff in reply alleged no consideration, fraud of procurement of settlement, and *non est factum,* and the jury found that there was no consideration for the release, and that plaintiff never executed the release, the refusal of the court to submit interrogatories on the question of fraud was harmless. *pp. 399, 400.*

DAMAGES.—*Jury Not Required to Itemize.—Personal Injuries.*—The defendant is not entitled to have the jury itemize plaintiff's damages in the trial of an action for personal injuries. *p. 400.*

EVIDENCE.—*Release.—Contradiction.—Parol Testimony.*—Where in an action for personal injuries defendant pleaded a release, reciting as a consideration for the relinquishment therein stated, the payment to plaintiff of a certain sum of money, parol evidence is admissible to contradict the recital as to consideration. *pp. 400–402.*

EVIDENCE.—*Trial.—Discretion of Court.*—A cause will not be reversed because of the refusal of the court to permit defendant to introduce in evidence on cross-examination of a witness for plaintiff, for the purpose of discrediting the witness, a letter, not relating to the case on trial, written by the witness to defendant, where it does not appear from the record that there was an abuse of discretion in such ruling. Henley and Wiley, JJ., dissent. *pp. 403–406.*

From Hendricks Circuit Court; *T. J. Cofer,* Judge.

Action by Samuel Heath against the Citizens Street Railroad Company for personal injuries of his wife. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*F. Winter, C. Winter, W. H. Latta, E. G. Hogate* and *J. L. Clark,* for appellant.

*W. J. Beckett, T. S. Adams* and *S. A. Enloe,* for appellee.

COMSTOCK, C. J.—Appellee, who was plaintiff below, recovered a judgment for $5,500 in the court below in an action for the loss of services of his wife, and for expenses incurred on account of an injury to her alleged to

have been caused by negligence on the part of appellant
while his wife was a passenger upon one of appellant's
cars. The action was commenced in the Marion Superior
Court and tried upon change of venue in the Hendricks
Circuit Court.

The first and second specifications of error question the
sufficiency of the complaint. Counsel for appellant con-
tend that it contains no general allegation that the injuries
to appellee's wife were sustained without any fault or neg-
ligence on her part. It is claimed that it is necessary, be-
fore any recovery can be had on account of the injuries
complained of, to aver that no negligence on the part of
the wife contributed to such injury. The general allega-
tion that the injury for which suit is brought was caused
without fault upon the part of plaintiff is the proper one
to be made. "It relates directly to the cause of action,
and includes the acts which caused the injury, as well as the
injury itself, and negativing contributory negligence as to
all the matters concerning which its existence would de-
feat a recovery." The freedom from contributory negli-
gence may, however, be shown by the general averment
stated, and by specific facts alleged. If it appears from the
allegations of the complaint that the injured party was
without fault contributing to his injury, the complaint is
good as against a demurrer. A pleading is to be judged
by its general scope, and a reasonable construction given
its averments; a strained construction is not justified.

In *Chicago, etc., R. Co.* v. *McDaniel,* 134 Ind. 166, 172,
the Supreme Court say: "A strained construction can not
be placed upon a pleading, as against the pleader, to in-
validate his pleading, if a fair and reasonable construction
will sustain it, and especially is this true in this court in
relation to a pleading construed and held good by the trial
court."

The complaint before us alleges that plaintiff's wife de-
sired to alight at the intersection of Greer street and Vir-

ginia avenue in the city of Indianapolis, said point being a regular stopping place for defendant's cars; that she notified defendant of her intention to alight there, and that in response to her notice the car was stopped at said point, "And this plaintiff's wife proceeded with due diligence and care to alight from said car, but the plaintiff says that while his said wife was in the act of alighting from said car, and without fault or negligence on her part, or on the part of this plaintiff, the defendant negligently started said car, and negligently threw this plaintiff from said car to the ground, without fault or negligence on her part, and without fault or negligence on the part of the plaintiff, negligently injuring this plaintiff's wife," etc. The whole occurrence is detailed in the complaint, and every fact that occurred from the time the defendant was notified to stop its car until the plaintiff's wife was thrown to the street and injured, is set forth.

The only reasonable inference to be drawn from these averments is that the plaintiff's wife was without fault on her part injured by the negligence of appellant. While the pleading shows that certain negligent acts of the defendant caused the injury, and that the plaintiff was without fault in respect to those acts, the pleading shows that there was no contributory negligence. The complaint alleges no act that could have caused her injury, except of being thrown from the car. This act is alleged to have been negligent, and that plaintiff and his wife were free from fault. The injury is charged to be so directly the result of the negligent acts of the defendant as to negative every inference that such injury was caused or aggravated by the negligence of the plaintiff, or that there had been any want of ordinary care on the part of the plaintiff or his wife.

Appellant next contends that the court erred in allowing appellee to amend the second paragraph of reply after the trial had been in progress several days. This is made the fifth specification of error. The original second para-

Citizens St. R. Co. *v.* Heath.

graph of reply by the amendment was taken out of the record. It is not claimed that this paragraph as amended was insufficient. The right to amend pleadings is given the trial court, subject to be reviewed by the Appellate Court. §§345, 397 Burns 1901, §§342, 394 Horner 1901. It is insisted by counsel for appellee that no showing was made by appellant that the issues were changed by the amendment, or that appellant was surprised or prejudiced by this action of the court. We are not referred by appellant's counsel to any page of the record where such showing is made. "The defendant made no offer to show that he was misled or prejudiced by the amendment, but did nothing more than except to the ruling of the court. Our decisions establish the rule that where it does not appear that the defendant was prejudiced by the amendment the judgment will not be reversed, although the attempted amendment was not made until after the court had announced its finding." *Judd* v. *Small,* 107 Ind. 398; *Burns* v. *Fox,* 113 Ind. 205; *Hay* v. *State, ex rel.,* 58 Ind. 337; *Wabash, etc., R. Co.* v. *Morgan,* 132 Ind. 430; *Chicago, etc., R. Co.* v. *Hunter,* 128 Ind. 213; *Bever* v. *North,* 107 Ind. 544.

The third paragraph of reply is claimed to have been insufficient for defects that are set out in appellant's brief. It is stated in appellee's brief that it nowhere appears in the transcript that any ruling was made upon their demurrer. Appellant does not cite the court to the page of the transcript showing such ruling. We take it, in the absence of any counter-statement in the reply brief, that such showing does not appear. The question of the sufficiency of these paragraphs is not therefore presented. *Fleming* v. *McClaflin,* 1 Ind. App. 537; *Memphis, etc., Co.* v. *Pikey,* 142 Ind. 304.

It is assigned as causes for the granting of a new trial, separately as to each, that the court erred in refusing to submit to the jury the sixth, eighth, fourteenth, sixteenth,

twentieth, twenty-first, twenty-second, twenty-third, and twenty-fourth interrogatories submitted by the appellant. The complaint alleged that the defendant had negligently injured his wife. The defendant answered (1) by general denial; (2) plea of settlement. Appellee replied (1) by general denial; (2) no consideration; (3) fraud in procurement of settlement; (4) *non est factum*. Appellant introduced no evidence to show that the accident and injury of appellee's wife did not occur as alleged in the complaint and testified to by appellee's witnesses. The defense made to the action was that appellee had released appellant from whatever claim he had on account of the injuries to his wife for $25.

The sixth, eighth, fourteenth, and sixteenth interrogatories refer only to the issues raised by the third paragraph of reply. The jury found specially in favor of appellee on the issue raised by the second and fourth paragraphs of reply, (1) that there was no consideration for the execution of the release; (2) that the plaintiff did not execute the release. The jury finding that there was no consideration for the release, and that the plaintiff never executed it, he was entitled to a verdict without reference to what the answers of the jury might have been upon the question of fraud. The refusal to submit them, if error, was harmless. *Board, etc., v. Nichols,* 12 Ind. App. 315, 54 Am. St. 528. Interrogatories twenty, twenty-one, twenty-two, twenty-three, and twenty-four asked the jury to itemize appellee's damages. It has been held that this is not proper practice in actions for tort. *Ohio, etc., R. Co. v. Judy,* 120 Ind. 397, 401; *Keller v. Gaskill,* 20 Ind. App. 502.

Appellant contends that instructions thirteen, fourteen, fifteen, and twenty-three requested by it were erroneously refused, and that instructions nineteen and twenty given by the court were erroneously given. We are not referred to the page of the voluminous transcript where these instructions may be found, but their purport is stated in brief

of counsel. In instruction thirteen appellee asked the court to instruct the jury that whoever receives money from another at the time a contract is signed, which contract recites as its consideration the same sum of money so paid, is estopped in law to deny that the money so received was received as a consideration for the contract, or to say that the money was paid on account of some other and different contract. In the fourteenth instruction, the jury were told that if they found that the appellee had executed a release, and had received $25 from the appellant, then it was their duty to find for appellant upon the issues joined in the second paragraph of reply; in the fifteenth that if appellee signed a written instrument, and received $25, and was at the time in the full exercise of his normal faculties, before he might contradict the recitals of the instrument he would have to prove that the allegations of the instrument upon the subject were the result of a mutual mistake of the parties; in the twenty-third that if the appellee executed the release, and received the money, then they must find for the defendant upon all the issues joined in the case. In this action of the court there was no error. The consideration mentioned in the receipt is by way of recital, and is not contractual. It contains no agreement to pay or assume any sum or liability.

In *Pickett* v. *Green,* 120 Ind. 584, in speaking of the rule that the consideration expressed in a writing may be varied or contradicted by parol, the Supreme Court say: "The reason generally given for the rule is that the language with reference to the consideration is not contractual; it is merely by way of recital of a fact, viz., the amount of the consideration, and not an agreement to pay it, and hence such recitals may be contradicted." Referring to the general rule that parol evidence can not be admitted to contradict the terms of a written contract, the court further said: "Out of this grows the exception to the rule

first above stated, that where the contract is complete upon its face, a stipulation as to the consideration becomes contractual, and where there is either a direct and positive promise to pay the consideration named, or an assumption of an encumbrance on the part of a grantee in a deed which becomes binding upon its acceptance, then the ordinary rules with reference to contracts apply, and the consideration expressed can no more be varied by parol than any other portion of the written contract."

In *Stewart* v. *Chicago, etc., R. Co.,* 141 Ind. 55, upon this subject, and in which the character of a release substantially identical in the recital of the consideration with the one before us, the Supreme Court say, at page 59: "We have no doubt that the cases correctly applying the rule that no parol inquiry may be made into the consideration expressed, are those where the consideration consists in the performance of some duty which is, by the terms of the writing, undertaken on the one side for the benefit of the other. Such duties can not be diminished or enlarged by parol. As we have said, the consideration of the contract before us involves the performance of no duty. The contract recites as a consideration for the relinquishment therein stated, the payment to the appellant of a sum of money. If this recital is false, the same right exists to prove that fact by parol, as exists in any possible case, where the consideration alone of a contract may be attacked by parol."

Counsel for appellant cite a number of cases in support of their position. They are cases, however, applying to the rule that parol inquiry can not be made into the consideration expressed where the consideration consists in the performance of some duty which, by the terms of the writing, is undertaken on the one side for the benefit of the other. *Stewart* v. *Chicago, etc., R. Co., supra,* is decisive of the character of the contract of the consideration in the release before us.

In instruction twenty-four, given by the court, the jury was told that if appellee received $25 as a consideration for the execution of the release, as set out in defendant's answer, and had never repaid or offered to repay said sum to the defendant, to find generally for the defendant upon all the issues even though the jury should be of the opinion that the execution of said contract was induced and procured by false and fraudulent representations. Instructions nineteen and twenty relate to the conditions of the contract. If they were erroneous, they were harmless, for it appears from the answers to interrogatories submitted to the jury that appellee did not sign the release set out in defendant's second paragraph of answer; that he did not deliver it to the defendant, and that he did not receive any sum on account of the execution of the release. *Dickey* v. *Shirk,* 128 Ind. 278; *Louisville, etc., R. Co.* v. *Orr,* 84 Ind. 50.

The fifty-third, fifty-fourth, fifty-fifth, fifty-sixth, fifty-seventh, fifty-eighth, fifty-ninth, and sixtieth causes assigned in the motion for a new trial are that the court erred in refusing to permit appellant to give in evidence, as a part of the cross-examination of appellee's witness John Green, two letters and the envelopes in which the same were enclosed. Green was one of the two attesting witnesses to the release which appellant claimed had been executed by the plaintiff, and the execution of which was denied by the plaintiff in the fourth paragraph of his reply, and which he averred in the amended second paragraph of reply was executed by him without any consideration, and in the third had been procured by fraud. The letters were addressed to the president and to the attorney of the appellant corporation, but did not relate to the case at bar. Counsel for appellant insist that these letters affected the credibility of the witness; that they were not susceptible of any construction consistent with his honesty as a witness; that he was the intimate friend and associate

of the plaintiff, and the only witness except himself that he produced upon the vital issue of the case.

To the introduction of this evidence, counsel for appellee objected for the reason that they were not papers connected with the case on trial; that it was not proper to introduce in evidence, and submit to the jury, any paper unless it is connected with the case in some way on trial, or that the handwriting can be compared by the jury and received in evidence. The court sustained the objection. Counsel for· appellant excepted to the ruling, but made no statement as to the purpose of the proposed evidence. When upon cross-examination of a witness the court sustains an objection to a question propounded to a witness, it is not necessary, to save the question, that the examining party should state what he proposes to prove. A witness may be asked upon cross-examination as to particular acts for the purpose of affecting his credibility as a witness. The reason for the rule is stated in *Real* v. *People,* 42 N. Y. 270. It has been accepted in many cases in that state and has been cited by our Supreme Court. The rule is recognized in *Parker* v. *State,* 136 Ind. 284; *City of South Bend* v. *Hardy,* 98 Ind. 577, 49 Am. Rep. 792; *Bessette* v. *State,* 101 Ind. 85; *Conrad* v. *State,* 132 Ind. 254; *Blough* v. *Parry,* 144 Ind. 463; *Spencer* v. *Robbins,* 106 Ind. 580.

It has been held in many states that a witness may be cross-examined as to specific acts of immorality or misconduct to affect his credibility. The decisions of our courts and those of other states, so far as we are advised, hold that the cross-examination of a witness upon collateral matters and specific acts of immorality rests largely, if not entirely, in the discretion of the trial court. In *Spencer* v. *Robbins, supra,* the trial court rejected evidence offered on cross-examination of a witness to affect her credibility. The court said: "This was to impeach her character and

discredit her testimony.  This method of discrediting a witness can rarely, if ever, be competent.  The rule is well settled that specific acts of immorality can not be proved for the purpose of impeaching the moral character of the witness.  It may be proper, however, under extraordinary circumstances, to ask questions of a witness on cross-examination for the purpose of showing his character and antecedents.  *Bessette* v. *State,* 101 Ind. 85; *City of South Bend* v. *Hardy,* 98 Ind. 577, 49 Am. R. 792.  This is a matter, however, within the sound discretion of the *nisi prius* court, to be exercised in each case as necessity may seem to require.  In order to justify a reversal there must have been a clear abuse.  We can not say that there was an abuse of discretion in this case."

In *Blough* v. *Parry,* 144 Ind. 463, this question is considered and a number of cases cited.  The court held it was not error to exclude questions on cross-examination of a witness collaterally to the issue relating to his antecedents.  The witness upon cross-examination was asked if he did not get $500 from a girl under promise of marriage, and had never paid it back or married the girl.  The trial court sustained an objection to the question, and upon this ruling the Supreme Court said: "But as to such questions as related to his previous character and antecedents, the result of our decisions is that this matter rested in the sound discretion of the trial court, and unless we can say that there was a clear abuse of that discretion the ruling is not reversible error.  We are unable to say that the court abused its discretion as respects those questions."

Because of the recognized holdings of this and other states upon this branch of the case, it only remains for us to determine whether the trial court abused, or rather whether it clearly appears that the trial court abused, its discretion.  Counsel for appellee objected to the evidence upon grounds then stated.  The objection was sustained

presumably upon the grounds stated. Counsel for appellant did not offer, as stated in their brief, the evidence for the purpose named in the objection; but they were silent when they might have enlightened the court and met the objection interposed, and upon which the court ruled. Had counsel then stated the purpose of the evidence, the claim that its exclusion was an abuse of discretion would be stronger.

Conceding that counsel for appellant were not legally bound to speak and were not concluded by the objections made by appellee, yet, in determining whether or not the trial court abused its discretion, it is proper for this court to consider the evidence sought to be introduced, and the circumstances under which the ruling complained of was made. Discretion is defined as the discernment of what is right or proper,—as deliberate judgment. "Abuse of discretion  *  *  *  to justify an interference with the exercise of discretionary power, implies not merely error of judgment, but perversity of will, passion, prejudice, partiality, or moral delinquency." Anderson's Law Dict. There is nothing in the record before us to warrant the imputation of either of these particulars against the trial court. It is not a question whether his judgment was erroneous. Others might have reached a different conclusion, but the question remains, "was there an abuse of discretion?" It must be answered in the negative.

Counsel for appellee argues that the bill of exceptions is not prepared in accordance with the statute, and that the evidence is not in the record. The questions thus raised are argued at length by both sides. It is also urged that if the evidence is in the record that in the briefs of appellant's counsel a rule of the Supreme Court has been disregarded, and that the questions raised by the motion for a new trial are waived. We have, however, for the consideration of this case, without deciding the questions thus raised, treated the record as perfect and the briefs of coun-

Citizens St. R. Co. *v.* Heath.

sel as substantially complying with the rules of the Supreme Court.

We find no reversible error. Judgment affirmed.

Henley and Wiley, JJ., dissent.

### DISSENTING OPINION.

HENLEY, J.—I can not agree with the prevailing opinion in this case in so far as it holds that the court properly excluded a certain letter hereinafter set out. "It is a well recognized rule that any fact tending to impair the credibility of the witness, by showing his interest, bias, ignorance, motives, or that he is depraved in character, may be elicited on cross-examination; *but the extent* to which such cross-examination may be carried is within the sound discretion of the court." *Houk* v. *Branson,* 17 Ind. App. 119; 1 Wharton on Ev., §567. It is apparent from an examination of a large number of cases, that where the courts of appeal in this State have considered the question here raised, and have refused to reverse the judgments, such refusal was in cases where it was claimed that too much latitude had been given upon cross-examination to discredit the witness, and not where the complaining party was wholly denied the right to elicit evidence for such purpose. *Freeman* v. *Hutchinson,* 15 Ind. App. 639; *Houk* v. *Branson, supra; Ledford* v. *Ledford,* 95 Ind. 283; *Wachstetter* v. *State,* 99 Ind. 290, 50 Am. Rep. 94; *Real* v. *People,* 42 N. Y. 270; *Johnson* v. *Wiley,* 74 Ind. 233; *Parker* v. *State,* 136 Ind. 284.

The appellant introduced in evidence the following paper: "Indianapolis, Ind., Nov. 9, 1895. In consideration of the sum of $25 paid to me by the Citizens Street Railroad Company of Indianapolis, the receipt of which is hereby acknowledged, the undersigned hereby releases any and all claims against said company, or any other person,

growing out of a certain accident to my wife, Sarah Heath, on or about the 1st day of October, 1895, on the Virginia avenue line of cars of said company, at or near Stevens street, in Indianapolis, and I hereby acknowledge full payment and satisfaction for any injury to person or property arising from said accident, and hereby release and discharge any and all claims against said company, of every nature, whether arising from said accident or from any other matter. (Signed) Samuel Heath. Witness, John Green, W. R. Purkess." The answer of appellant, which set up this release as a complete bar to appellee's action, was properly held sufficient by the trial court.

Appellant's defense in this cause was that appellee's claim had been settled before the commencement of this action. This settlement was evidenced by the above contract in writing signed by appellee. One of the two attesting witnesses to the written contract of settlement was John Green. He appeared at the trial as a witness for appellee. The character of the issue, and the fact that this witness was present and attested the signature of appellee at the time the settlement was made, necessarily resulted in his evidence being of the utmost importance if believed by the jury trying the cause. He went on the witness stand apparently a disinterested witness. Purkess, the other witness, testified that Heath signed the release, and that Green signed as a witness to it. Appellee Heath, an interested party, testified that he did not sign the release. Witness Green testified that he did not sign as a witness, and that the signature of Samuel Heath was not genuine. Was it not of the utmost importance to appellee that the evidence of Green be discredited before the jury?

Upon cross-examination, certain letters were exhibited to Green, and he was asked if he had written them. He acknowledged that he wrote, signed, and caused to be mailed the letters exhibited to him. The letters were offered separately. One of them was in the following

Citizens St. R. Co. *v.* Heath.

words: "121-2 North Delaware street, Room 10. 21 Sept. 1896. Beaupre v. C. St. R. Co. A. L. Mason, Esq. Sir:—I know sufficient in the above case, which in my opinion, would secure a verdict in your favor. I have been approached by the other side, but declined to say anything *at present.* If you will make an appointment and meet me here I should feel disposed to make an affidavit for a consideration. I distinctly decline to be cross-questioned, or treat with any of your representatives. I shall do business with yourself, or not at all. Yours truly, John Green."

The witness testified that he knew that Mr. Mason was the president of the appellant corporation. This letter was exhibited to the witness while on the stand, and the following questions were propounded by counsel for appellant and answered by him: "Q. I will ask you to state whether that letter is in your handwriting? A. Yes, sir. Q. The signature John Green is your signature? A. Yes, sir. Q. The envelope is in your handwriting? A. Yes, sir. Q. The fact is you mailed that envelope and letter to Mr. Latta? A. I expect I did, or sent it to him anyway." The letter was then offered in evidence. The court declined to rule on its admissibility the first time it was offered. It was three times offered upon cross-examination of the witness, and was finally excluded by the court.

It does not require a person skilled in the meaning of words, or the interpretation of language, to form a correct idea of the purport of this letter. This was a matter which clearly went to the credibility of the witness. It related to a matter of even date with this litigation. It would have materially assisted the jury in forming an opinion as to the credibility of the witness. It ought to have been allowed. See *City of South Bend* v. *Hardy,* 98 Ind. 577, 49 Am. Rep. 792. It seems clear to us that the rule gathered from both text books and decisions is *not* that a party shall be denied the right to discredit a witness on cross-

examination, but that the court in its discretion may control the extent of the cross-examination for that purpose. Here the right was denied, and here, in my opinion, from the whole record, the refusal to admit the letter set out was a palpable abuse of discretion.

The motion for a new trial ought to have been sustained.

Wiley, J., concurs in dissenting opinion.