## MANN *versus* EDSON *& al.*

The *seizin* of the husband in the premises during coverture, is an essential prerequisite to entitle his wife to dower.

But *possession* is indicative of *seizin* until rebutted by evidence of a paramount title in the tenant.

If the husband paid the money for the land in which dower is demanded, and the deed was made to another in fraud of his creditors, and he received from the grantee a life lease and continued in possession till his death, this is no such *seizin* as will entitle his wife to dower.

In an action of dower, the declarations of demandant's husband as to his equitable title are immaterial and inadmissible in evidence.

ON EXCEPTIONS from *Nisi Prius*, HATHAWAY, J., presiding.

WRIT OF DOWER. The tenant pleaded that demandant's husband was never seized of the premises.

The land formerly belonged to one Sullivan and by some arrangement between him and demandant's husband, William Mann, the latter went into the possession of it some years prior to 1835. Mann being poor employed a relative to pay for it, to whom the deed was made. The holder of the title wanting his pay, Mann found another person by name of Edson, to buy it, and to the latter the land was deeded in September, 1835. Edson was the son-in-law of Mann, and executed a life lease of the premises to Mann, who continued to live thereon until his death in 1850.

The plaintiff introduced evidence tending to show that the money paid by Edson belonged to Mann, and that the deed was made to Edson in fraud of Mann's creditors.

She also offered to prove the declarations of Mann, made about a year before his death, *concerning his interest in the land,* which were excluded by the Court.

The Judge instructed the jury, *that* if the deed to Edson was made in fraud of Mann's creditors, it would have been void as to those creditors, yet it was good between Mann and Edson, and would be as effectual, so far as the demandant's rights are concerned in this case, as if it were free from any such taint.

A verdict was returned for tenant, and demandant excepted.

*Knowles & Briggs,* in support of the exceptions, contended that a *fraudulent grantee* should not hold against the heirs and widow. That the testimony should have been admitted, they cited *Knight* v. *Mains,* 3 Fairf. 41.

*Rawson,* with whom was *Bartlett, contra,* that the instruction was right, cited *Hamlin* v. *Hamlin,* 19 Maine, 141; and that the evidence was properly rejected, *Crane* v. *Marshall,* 16 Maine, 27; *Alden* v. *Gilmore,* 13 Maine, 178.

APPLETON, J. — To entitle a widow to dower, she must show that during coverture her husband had either an actual or corporeal seizin, or a right to such seizin of the estate of which dower is demanded. It is true it was held in

*Knight* v. *Mains*, 3 Fairf. 41, that possession was evidence of seizin, and that when it appeared that the husband had been in possession during coverture, it was incumbent on the defendant to prove a paramount title in himself. This has been done in the case at bar. The jury have found that the husband of the demandant was not seized during coverture, so that the inference of seizin, which might have been drawn from possession, appears to have been rebutted.

At common law, the widow of a *cestui que trust* is not dowable of an estate to which the husband had only an equitable title. *Hamlin* v. *Hamlin*, 19 Maine, 141; Park on Dower, 124. Such being the law, where the trust is one which is lawful in itself and which a court of equity would enforce, it is not easy to perceive how the rights of the widow will be increased or enlarged, if the ingredient of fraud be added and the purposes of the alleged trust were to defraud the creditors of the husband. The husband could not, by the intervention of a court of equity, have enforced such a trust, nor have acquired that seizin, which is a prerequisite so indispensable, that without its existence, the widow must fail of her dower. *Whithed* v. *Mallory*, 4 Cush. 140.

The declarations of Mann were properly excluded. They were immaterial to the issue, the object of their introduction being to show the alleged trust estate of Mann, which, as has been already seen, could not have been of any avail to the demandant. Besides, the facts sought to be shown by his declarations seem to have been proved from other sources, and to have been established by the special finding of the jury.                    *Exceptions overruled.*—

*Judgment on the verdict.*

SHEPLEY, C. J, and TENNEY and HOWARD, J. J., concurred.