Jones, Respondent, vs. Jones, imp., Appellant.

*October 13 — November 3, 1885.*

*(1) Appeal to S. C.: Respondent's exceptions how far available. (2) Dower: Deed by husband on day of marriage: Fraud: Mortgages: Merger: Subrogation.*

1. Exceptions taken by the respondent cannot be made available for the purpose of reversing the judgment or any part thereof.
2. Plaintiff conveyed certain land to his son, by way of advancement, subject to a mortgage of $1,500, which the son assumed, and it was verbally agreed that the plaintiff should have the possession and use of the premises during his life. Subsequently he conveyed a small additional strip of land to the son, and a settlement was had in pursuance of which the son gave the plaintiff his note for $2,500, secured by mortgage upon the whole premises. Afterwards the son, on his wedding day but before the marriage was consummated and without the knowledge of his intended wife, reconveyed the premises to this plaintiff. This last deed was lost before it was recorded. The plaintiff paid the $1,500 mortgage. After the son's death the plaintiff brought this action to establish his title to the premises and to bar the claim of the widow to dower. The widow counterclaimed to set aside the last deed to the plaintiff, and for the recovery of dower. Upon the evidence it is *held:*

    (1) The last deed to the plaintiff was in fraud of the defendant's right to dower, and she is entitled to dower notwithstanding, and to one third of the rents and profits from the time of filing her answer.

    (2) Such deed being void as to the dower right did not merge the $2,500 mortgage which was valid as against such right.

    (3) But the dower right is not subject to the $1,500 mortgage. Plaintiff's payment of that mortgage was in pursuance of the settlement, and he did not become subrogated to the rights of the mortgagee.

APPEAL from the Circuit Court for *Jefferson* County.

The action was brought against Price Lewis, executor of the last will and testament of Thomas C. Jones, deceased, and *Amanda L. Jones,* widow of said deceased, to establish the title of the plaintiff to certain real property in the city

of Watertown, and to bar the claims of the defendants therein. The premises consisted of a lot having forty feet frontage, upon which stood a three-story brick building. This lot had been conveyed to the plaintiff and one Evans by two deeds, one conveying thirty-nine and one-half feet front, and the other conveying six inches front. The plaintiff afterwards conveyed his interest to his son, Thomas C. Jones, and the son subsequently reconveyed the same to the plaintiff, but the last-mentioned conveyance was lost before it was recorded.

The answer of the defendant *Amanda L. Jones*, contains a counterclaim praying that the deed from Thomas C. Jones to the plaintiff, if found by the court to have been in fact made, be adjudged void, fraudulent, and of no effect as to her, and that she recover her dower of the premises and one third of the rents and income thereof from the date of her husband's death.

The case is more fully stated in the opinion. From the judgment entered in pursuance of the findings of fact and conclusions of law, the defendant *Amanda L. Jones* appealed.

*Harlow Pease*, for the appellant, to the point that the voluntary conveyance by Thomas C. Jones to the respondent without the knowledge of the appellant, to whom he was married a few hours later, was in fraud of her marital rights and just expectations, and was void as to her, cited *Baird v. Stearne*, 12 Weekly Notes, 205; *S. C.* 15 Phila. 339; *Duncan's Appeal*, 43 Pa. St. 67; *Robinson v. Buck*, 71 id. 386; *Belt v. Ferguson*, 3 Grant's Cas. 289; *Cranson v. Cranson*, 4 Mich. 230; *Pierce v. Pierce*, 71 N. Y. 154; White & Tudor's Lead. Cases (4 Am. ed.), 1156; *Waller v. Armisted's Adm'rs*, 2 Leigh (Va.), 11; *Kline v. Kline*, 57 Pa. St. 120; *Dearmond v. Dearmond*, 10 Ind. 191; *Logan v. Simmons*, 3 Ired. Eq. 487; Willard's Eq. Jur. 214; Story's Eq. Jur. 273, *n.* 3; *Chandler v. Hollingsworth*, 17 Am.

L. Reg. 319; *England v. Downs*, 2 Beav. 522; *Chambers v. Crabbe*, 34 id. 457; *Goddard v. Snow*, 1 Russ. 485.

For the respondent there was a brief by *I. W. & G. W. Bird*, and oral argument by *Mr. G. W. Bird.* They contended, *inter alia*, that the deed from Thomas C. Jones was not made in fraud of the appellant's marital rights. At the time he executed such deed he held merely the naked legal title under a deed of gift, and the respondent had the right to the use and occupation of the premises during his life. Thomas C. Jones had never been in possession and had paid no part of either of the mortgages upon the land and none of the taxes which he had agreed to pay; so that the liens then held by the respondent amounted to over $5,214, while the premises were worth only $6,000. In addition to this there were the respondent's equities arising out of the voluntary character of his deeds to Thomas C. Jones. All the circumstances show the *bona fides* of the conveyance, that it was one which ought to have been made, and that it rested upon a good moral consideration. It cannot, therefore, be successfully attacked. See 1 Story's Eq. Jur. secs. 272–3; *England v. Downs*, 2 Beav. 522; *Blanchet v. Foster*, 2 Ves. Sr. 264; *Hunt v. Matthews*, 1 Vernon, 408; *De Manneville v. Crompton*, 1 Ves. & B. 354; *St. George v. Wake*, 1 Mylne & K. 610; *Jenny v. Jenny*, 24 Vt. 324; *Thayer v. Thayer*, 14 id. 107; *Baker v. Chase*, 6 Hill, 482. The cases cited by the appellant recognize and approve the rule that a deed having a good consideration to support it cannot be attacked as in fraud of marital rights. The receipt by Thomas of the voluntary conveyance from the respondent was in itself a sufficient consideration for a reconveyance. *Hyde v. Chapman*, 33 Wis. 391; *First Nat. Bank v. Bertschy*, 52 id. 451. The mortgagor may convey the equity of redemption to the mortgagee, and the widow cannot attack the conveyance or assert any dower in the promises. R. S. secs. 2162–3; *Foster v. Hickox*, 38 Wis.

408; 4 Kent's Comm. 45; *Van Dyne v. Thayre*, 19 Wend. 162; *Jackson v. Dewitt*, 6 Cow. 316; *Stow v. Tifft*, 15 Johns. 458; *Decker v. Hall*, 1 Edmonds, 279.

ORTON, J.   The respondent, the plaintiff in the circuit court, became owner of an undivided half of the main premises on the 14th day of May, and of the additional six inches on the 25th day of August, 1874, and on the 3d day of July, 1875, he and his wife conveyed the main premises, and on the 19th day of November, 1877, the additional six inches, to his son, Thomas C. Jones, without any valuable consideration, but of natural love and affection, and by way of advancement out of the estate of said plaintiff of the sum of $5,000, but subject to a mortgage on the main premises, then outstanding, of an unpaid balance of $1,500, at ten per cent. interest from May 14, 1875, which the said Thomas assumed to pay.   It was understood and verbally agreed between the plaintiff and wife and the said Thomas, at the time of the execution of said deeds, that the plaintiff and wife, and each of them, should retain the possession of said premises, and have the rents, issues, and profits thereof during their natural lives, and the life of each of them, notwithstanding the covenants of said deeds.

At the time of the execution of the last-mentioned deed of the additional six inches of land, the plaintiff, for certain reasons hereafter to be noticed, demanded a settlement of their affairs of said Thomas, and it was then agreed that Thomas should give the plaintiff his note for the sum of $2,500, to become due ten years after date, with interest at eight per cent., payable annually, and secure the same by mortgage on the whole of said premises, which at that time was done accordingly.   For more than one year before the 13th day of March, 1880, there had been a promise and contract of marriage between the said Thomas C. Jones and the defendant *Amanda L. Jones* to the knowledge of the

plaintiff, and the time fixed for such marriage was on said day, in the evening thereof. Before that time arrived, and on said day, the said Thomas, for the purpose of placing the title of said premises back in the plaintiff, made, executed, acknowledged, and delivered a warranty deed thereof to the said plaintiff, which deed was never recorded and has been lost without the fault of the plaintiff, and in the evening of said day said marriage was consummated. The said defendant *Amanda* had no knowledge and had never heard of the execution of said last-mentioned deed until the death of her said husband, Thomas C. Jones, on the 3d day of May, 1881; and at the time of her said contract of marriage and the consummation thereof, she supposed and believed that said Thomas was the owner of said premises, and the fact of such conveyance was purposely concealed from her.

On the 3d day of May, 1881, Thomas C. Jones died, leaving the defendant *Amanda L. Jones* his only heir at law, but by his last will and testament, which was admitted to probate on the 19th day of July thereafter, he devised to said defendant *Amanda* one third of all his property, *real* and personal, in lieu of her dower, and the other two thirds thereof to his father, the said plaintiff. The personal estate of said Thomas did not exceed in value, over exemptions, the sum of $3,000, and the allowances to creditors and for expenses, etc., amounted to the sum of over $8,000, and the value of the premises so conveyed was $6,000, and the annual rental value thereof was $560. On the 20th day of April, 1882, the defendant, *Amanda L. Jones*, filed in the county court her written election to take the provisions made by law, instead of the provisions made for her in said will. On the 19th day of July, 1881, the day when said will was admitted to probate, one Price Lewis was duly appointed the executor thereof, and afterwards claimed said premises as a part of the estate of the said Thomas C. Jones,

deceased, and demanded of the plaintiff an accounting for the rents and profits thereof, and filed a petition in the county court for license to sell the same to pay debts against the estate. This suit was brought to establish the title of the plaintiff to said premises, and to bar the claim of said executor and the claim of said *Amanda L. Jones* for dower therein.

The above are substantially the facts proved and found by the circuit court. As conclusions of law the circuit court found substantially that the said defendant *Amanda L. Jones* was entitled to dower as the widow of said Thomas, in said premises, subject to both of said mortgages, and the interest thereon until the present time, and was also entitled to one third of the rents and profits thereof, deducting the taxes, insurance, and reasonable repairs, from the time of serving her answer in the cause. It was also found that the $1,500 mortgage had been paid by the plaintiff, and that neither said mortgage nor the $2,500 mortgage was canceled by or had merged in the legal estate conveyed to the plaintiff by the deed of March 13, 1880.

Exceptions were filed by both parties to the findings, so far as they were unfavorable to their respective claims in the suit.

The learned counsel of the respondent contends that by virtue of the statute (secs. 2870, 2875, and 3070, R. S.) he may avail himself in this court of any exceptions taken by him to the findings of fact or conclusions of law, for the purpose of obtaining a reversal or modification of the judgment so far as it is adverse to the respondent, and therefore claims that the findings or conclusions of law that the said defendant *Amanda L. Jones* is entitled to dower in said premises, and that she is entitled to any rents and profits thereof in any share, or for any time, are erroneous. These provisions have been construed by this court in recent cases to allow the respondent to make available his exceptions only for the

purpose of sustaining the judgment in his favor. After said provisions were enacted, the question whether such exceptions could be made available for the purpose of reversing the judgment or securing one more favorable to the respondent was for some time left an open one (*Stevens v. Millard,* 36 Wis. 83; *Maxwell v. Hartmann,* 50 Wis. 660); but in *Witt v. Trustees,* 55 Wis. 376, these provisions were fully considered, and it was held that exceptions taken by the respondent cannot be made available for the purpose of reversing the judgment, or any part thereof. This was followed by *Buchner v. C., M. & N. W. R. Co.,* 56 Wis. 403, and *McCrossen v. Lincoln Co.,* 57 Wis. 184, and the question may be considered at rest.

In view of this rule we do not feel called upon to review the findings of facts and conclusions of law which give to the defendant *Amanda* dower in said premises, and one third of the rents and profits thereof since the service of her answer herein, notwithstanding the deed of her husband, Thomas, to his father, the plaintiff, on the day of the marriage, but before its consummation. But we may say that the facts and circumstances of the transaction lead to the irresistible conclusion that both Thomas and his father intended by that deed to defraud the defendant *Amanda* of her prospective inchoate right of dower in the premises. The plaintiff knew of the contract of marriage to be consummated upon that day, and both he and Thomas made haste, just before such consummation, and so near to it as to preclude the possibility of her discovering it before the marriage, to thus defraud her of her prospective right. That deed was clearly voluntary, and, as stated in the finding, was made for the purpose of putting the title back in the father. It was kept from record, and the fact of its existence carefully concealed from the defendant for a long time, and Thomas made his will devising to the defendant one third of his *real* as well as personal estate in lieu of her

dower, when, if that deed had been effectual to convey said premises, he had no real estate whatever to devise. To save Thomas from the imputation of such false, deceitful, and unnatural conduct towards his intended wife on the very day of the nuptials as to defraud her out of her expectant interest in his property, one might almost indulge the thought that that deed, now so mysteriously lost, was never fully delivered and was afterwards destroyed. The plaintiff's interest in the premises was amply secured, almost to their full value, by mortgages bearing an exorbitant rate of interest, leaving but little margin for that benevolent advancement to his son expressed as the consideration of his first deed to him of the main premises in 1875, for he is supposed to have claimed then, as he does now, that both mortgages were outstanding. The prospective dower interest of the defendant, subject to these mortgages and the claim that the plaintiff now makes that he is entitled to the possession and the rents and profits of the premises during his natural life, was so small at most that one can scarcely conceive of a meaner fraud than an attempt to deprive her of it by such an antenuptial conveyance, and the assumption may almost be indulged in that the plaintiff himself did not intend to accept it. The learned counsel of the respondent cites no authority holding an antenuptial deed valid under circumstances of near analogy to those surrounding this case.

We have said this much, and perhaps too much, upon this question, not really opened for review on this appeal, out of deference to the learned counsel on both sides, it having been discussed in both briefs. We think the circuit court was clearly right in not giving effect to the deed of March 13, 1880, made under such circumstances, as against the defendant's right of dower in the premises. That deed being void as to the defendant's right of dower, and the deeds of the plaintiff and wife to Thomas being absolute, with full covenants and without reservation, the defendant

has a right to the proper share of the rents and profits of the premises, at least from the time of serving her answer in the case, as found by the circuit court. The verbal agreement at the time of the execution of said deeds that the plaintiff should remain in possession and receive the rents and profits of the premises cannot, of course, be set up as against such deeds or the rights of the defendant under the same. We think the defendant is entitled to such rents and profits from the time of filing her answer as found by the circuit court, and that is the true rule in such cases. *Ziegel v. Kuster*, 51 Wis. 31.

The only other important question in this case is whether the first mortgage, the balance of which was $1,500, and which was outstanding on the main premises when the first deed of 1875 was executed to Thomas C. Jones, and the payment of which he assumed, is still outstanding and unpaid, or whether, if paid and discharged by the plaintiff, he was subrogated to the rights of the mortgagee or assignee, and held the same as a valid lien on said premises at the time of the death of said Thomas C. Jones. That mortgage was given by the plaintiff and one Evans, the owner of an undivided half of the premises, to one Peter Bertholf, in 1874, and was assigned to the National Bank of Watertown, March 20, 1879, and paid by the plaintiff, and discharged of record in January, 1880. The deed of the plaintiff to Thomas C. Jones in 1875 was for an undivided half of the main premises, on which there was a large brick block. Afterwards the plaintiff obtained title to an additional six inches of land adjoining the same. It seems that the deed of 1875 was not delivered or recorded until in 1877, when the said Thomas obtained the possession of the same and placed it upon record. The testimony of one of the witnesses, the daughter of the plaintiff, was, in effect, that when the plaintiff ascertained that said deed had been recorded he was dissatisfied and said to Thomas: "We

must have a settlement. Things are too open now. We must understand each other." "So they had a settlement then how they should stand as long as the deed was on record." It appears that thereupon the plaintiff conveyed also to Thomas the said additional six inches for the consideration named in the deed of $100, and that upon the same day Thomas executed a mortgage to the plaintiff upon the whole premises to secure his note then given to the plaintiff for the sum of $2,500, payable ten years after date, at eight per cent. interest, payable annually.

There is no direct evidence of what the consideration of that mortgage was. The inference, however, appears to us irresistible that that mortgage was intended to be the result of a final settlement between the plaintiff and Thomas of all their affairs, including the assumption by Thomas of the payment of the $1,500 mortgage, and that there was a ratification of the delivery and registration of said deed with such assumption discharged. The presumed value of the additional six inches was $100, and the consideration of the deed of 1875 remained unchanged in respect to an advancement of $5,000 and natural love and affection. What other possible consideration was there for the $2,500 mortgage except the $1,500 mortgage and ten per cent. interest accrued thereon? There was nothing else apparent that could have been the subject of settlement. In confirmation of this view the plaintiff afterwards voluntarily paid said mortgage and had the same discharged of record. We think that the circuit court ought to have found the defendant *Amanda L. Jones* entitled to dower in said premises subject *only* to the $2,500 mortgage, the only real or apparent incumbrance upon the same at the time of the death of said Thomas C. Jones.

It was contended by the learned counsel of the appellant that both of said mortgages merged in the legal title which the plaintiff obtained by the deed of March 13, 1880. That

might be so if there was no good reason for keeping the mortgages alive. But the circuit court held, and this court holds, that the deed of March 13, 1880, was fraudulent and void as against the defendant's right of dower, and if, at least, said mortgage for $2,500 is not made to subsist as a valid incumbrance upon the premises, the plaintiff will lose whatever interest he had in the same as against such right of dower, and the only way in which his interest can be protected is to continue said mortgage upon the premises. That mortgage was a valid incumbrance upon the premises when the defendant intermarried with Thomas C. Jones, and she has no reason to complain that her right of dower is subject to the same. The deed of March 13, 1880, is no deed, as against her dower right, by reason of the fraud, and it cannot, therefore, work a merger or extinguishment of the mortgage as to such right. For these reasons we think it clear that equity would keep alive said mortgage. The deed being out of the way of her dower, the mortgage would spring up as a valid incumbrance to which her right would be subject the same as if such deed had not been made. It follows that it is essentially to the advantage of the plaintiff not to have said mortgage merge, and that it is no wrong to the defendant that it does not merge; bringing the case clearly within the authorities upon the question. *Webb v. Meloy,* 32 Wis. 319.

The findings and conclusions of law have not been specially referred to, and the order of argument of counsel has not been very closely followed; but the substantial facts have been considered, and such conclusions reached in respect to the rights of the parties as seem consonant with law and equity. We hold, then, (1) that the deed of Thomas C. Jones to the plaintiff of March 13, 1880, was executed in fraud of the defendant's right of dower in said premises, and that she is entitled to dower therein notwithstanding said deed; (2) that the defendant *Amanda L. Jones* is en-

titled to one third of the rents and profits of said premises, deducting taxes and insurance and reasonable cost of necessary repairs, from the time of the filing of her answer in this case; (3) that the defendant is entitled to such dower, subject only to the mortgage of $2,500 executed by Thomas C. Jones to the plaintiff, November 19, 1877; (4) that the mortgage executed by the plaintiff and one Evans to one Bertholf, the balance of $1,500 of which was assumed to be paid by said Thomas C. Jones, was rightfully paid and satisfied by the plaintiff, and the said Thomas was discharged from the liability to pay the same by a settlement had between the plaintiff and said Thomas, and by the execution of said $2,500 mortgage, and that the plaintiff is not subrogated to the rights of the mortgagee or assignee of said mortgage by the payment of the same.

*By the Court.*— The judgment of the circuit court is reversed, and the cause remanded with direction to render judgment in accordance with this opinion.