Filed Jan. 30, 1895.

———————◆———————

No. 17,175.

STROUP *v.* STROUP ET AL.

FRAUD.—*Pleading.*—*Epithets.*—Usually the facts constituting the alleged fraud must be pleaded, and they can not be supplied by epithets.

DEED.—*Testamentary, What is or is not.*—If a grantor execute a deed conveying real estate, in which he postpones the title and enjoyment of the land until after his death, such instrument is a testamentary deed; if the instrument at once confers title on the grantee but postpones his enjoyment of the land, it is a deed.

Stroup *v.* Stroup *et al.*

REAL ESTATE.—*Right of Wife, Sufficient Seizin of Husband for Her Inchoate Interest to Attach.*—In order that a wife's inchoate interest in real estate can attach, her husband must be seized of an estate of inheritance during coverture; but for such purpose it is not necessary that he should have the actual corporeal seizin, for a seizin, with a present right to actual seizin, is sufficient.

HUSBAND AND WIFE.—*Conveyance of Land Purchased by Husband, to Another in Fraud of Rights of Wife.*—If a husband, intending to defeat the claims of his wife to dower (or other interest in his land after his death), secure a conveyance of lands, purchased by him, to be made only colorably to another, but securing to himself the full use, control and disposition of the property, such conveyance is fraudulent as against such wife; and she may, before or after his death, recover that part of the lands which, under the law, would have fallen to her in case the conveyance had been made to her husband instead of the colorable device which held the actual seizin from him.

TRUST.—*Nominal, Right of Cestui Que Trust to Convey.— Wife's Rights on her Surviving Him.*—A. purchased land, paying for it, and had it conveyed to B., his son, subject to a life estate in himself, B. to have and hold it upon trust, viz.: To enter and take possession of and rent or farm the land, and as soon as could conveniently be done, to sell and convey it to such person, and on such terms and for such price as he, B., deemed meet, and out of the net proceeds to first pay A.'s widow, if he left one, a certain sum, and the residue he, B., should divide equally among such children of A. (including B.) as might be living at the time of the distribution. If a child of A. died leaving issue, such issue was to receive its parent's share. At any time A. had the right to require B. to join in a deed with him in order to sell and convey the land in fee to any person upon such terms and use as he, A., should direct, and B. was required to render, pay over and deliver to A. all money and securities received on the sale.

*Held,* That A. had in himself the legal fee to the land charged only with a trust, which, during his life, could be executed fully by the signing of a deed to a purchaser from the *cestui que trust,* A.; and which trust had no validity, the trustee possessing only a naked or nominal title which did not impair the full ownership of A. and his right to dispose of the land; and that A.'s wife, on A.'s death, was entitled to a one-third interest therein.

From the St. Joseph Circuit Court.

*A. L. Brick* and *W. Funk,* for appellant.

*A. Anderson* and *L. Hubbard,* for appellees.

HACKNEY, J.—In the year 1881 Daniel B. Stroup and the appellant were husband and wife, and that relation continued until he died intestate in the year 1892, leaving surviving him the appellant and the appellees as his widow and only heirs at law.

In January, 1881, he owned, in fee-simple, a tract of land in St. Joseph county, which he sold for $6,400, his wife, the appellant, joining in the conveyance. Later, and in the same month, he purchased another tract of land in said county, for the consideration of $12,940.73, which sum was paid by him, though $3,940.73 was paid after said purchase and from the earnings of said tract. The deed conveying the tract so purchased was, at his direction, so made as to convey the fee to the appellee Daniel F. Stroup, subject to a life estate in said Daniel B. Stroup, and ''to have and to hold the same unto the said Daniel F. Stroup and his executors, to his and their issue forever, upon the trust following: That is to say, the said Daniel F. Stroup and his heirs and executors in trust are, on the commencement of said trust estate, to enter on and take possession of and rent or farm said land to the best possible advantage, and as soon as can be consistently done shall sell and convey said land to such person or persons, and on such terms, and for such price or prices as to him and them shall seem meet, either at public or private sale, with or without notice thereof, and of the net proceeds of such sale shall first pay the widow of said Daniel B. Stroup, if he leaves one surviving him, the sum of one thousand ($1,000) dollars; and the residue of said net proceeds, he, or they shall divide equally among such children of said Daniel B. Stroup (including said Daniel F. Stroup, if he be then living), as may be living at the time of such distribution: *Provided*, that if either be dead leaving issue them surviving, the issue of such deceased child shall

take such decedent's share:  *Provided, however*, that if, at any time during the life of Daniel B. Stroup, he, the said Daniel B. Stroup, shall request the said trustee, and shall join in a deed therefor, the said trustee shall sell and convey said land in fee to such person or persons, and upon such terms and uses as the said Daniel B. Stroup shall direct, and shall render and pay over and deliver to such Daniel B. Stroup all money and securities received on such sale."

The appellant, claiming as widow the one-third, in fee, of the lands so purchased, sued the appellees in three paragraphs of complaint seeking to quiet title against the claim of the appellees as to said interest.

Each paragraph alleges the foregoing facts, and the additional facts that the said Daniel B. Stroup, in causing said lands so purchased to be conveyed to Daniel F. Stroup, desired and intended to cut off any claim by the appellant to an interest in said lands as his wife and as his widow, and that said lands, at the death of her husband, were of the value of fifteen thousand dollars.

The first paragraph alleged that, with this purpose in view, the decedent fraudulently sold said tract, so first owned by him, and enticed the appellant to join in the conveyance thereof and with the same purpose, and intending to defraud the appellant of an inchoate interest in said lands so purchased, caused the same to be conveyed, as aforesaid, without her knowledge or consent.

The second paragraph differs from the first in that it does not charge a fraudulent intent in selling said tract so first owned by the decedent.

The third paragraph differs from the second only in its allegation that she signed the deed to the land conveyed by her husband, "with the understanding and expectation from her husband, through his representation at the time, that he would buy other real estate with the

* * proceeds of the sale of the same, in which she would have her one-third interest.''

To these several paragraphs of complaint the circuit court sustained the appellees' demurrer for want of sufficient facts, and this ruling is the question for review.

In support of the ruling of the lower court, appellee's learned counsel insist that there are no allegations of actual or positive fraud, without which the complaint should be held insufficient; that the suit does not attack the conveyance in which the appellant joined, and alleges no actual fraud in procuring her to so join, and in consequence, the act of purchasing other lands, and causing them to be conveyed as alleged, was but the disposition of personal property upon which there was no legal restraint by an interest of the appellant in lieu of dower, and that the husband never having been seized of the lands in suit, the wife could have had no inchoate interest therein, and would take nothing therefrom as widow.

It is true that ordinarily the facts constituting the alleged fraud must be pleaded, and not supplied by epithets. *Curry* v. *Keyser*, 30 Ind. 214; *Bodkin* v. *Merit*, 102 Ind. 293.

This rule would defeat the allegation of fraudulent enticement to the appellant to join in the conveyance, but if it can be maintained that an investment of personal assets in lands (the title to which is taken in the name of another but colorably, and is in fact held to the use and benefit of the husband, with intent to defeat any claim of the wife to an interest by virtue of her marital relation or as widow), is fraudulent as against such wife or widow, then the complaint is sufficient in pleading such facts. Indeed, it would be difficult to conceive acts more positive than those alleged, and at the same time consistent with the design alleged. It would, require no sharp practice in making the purchase, and no

stratagem to induce the son to take a trust which was for his possible future benefit. But if either or both were alleged, we are unable to see how they would add to the fraudulent character of the imposition upon the wife. In North Carolina and in Tennessee there are statutes forbidding, and rendering fraudulent, the transfers of property with intent to defeat dower. In those States it has been held that if the disposition is not meant to be simply what it purports to be, but if the donor intended that it should not interfere with his own enjoyment, but should hinder that of his wife, it would amount to the fraud contemplated by the statutes. *Littleton* v. *Littleton*, 1 Dev. & Batt. L. 327; *Brewer* v. *Connell*, 11 Hump. 500; 14 Cent. L. J. 102.

If the same disposition may be held fraudulent in the absence of a statute, which, under the statutes referred to, is fraudulent, there is no reason supporting the proposition that more positive acts are essential to the creation and working of the fraud. In Cent. L. J., *supra*, Judge THOMPSON states the rule as follows:

"The books furnish a conclusive test by which to determine whether such a disposition is or is not good as against the wife's claim for dower. Was the disposition such as to cut off the seizin of the husband, and at the same time to reserve to him the use of the property during his life, and to dispose of it absolutely, to the exclusion of the rights of his wife upon his death? In other words, was it testamentary in its nature—did it operate substantially as a will could have operated? Where this appears, I apprehend that all speculations about the motive or intent of the husband are idle; the law will conclusively affix to his act a fraudulent intent."

We have no doubt that the facts are sufficiently pleaded to present the question as to the validity of the transaction as affecting the interests of the appellant in the lands

purchased. It is probably true that at the time of the purchase there was no restriction upon the right of the husband to make complete disposition of his personal property by gift, destruction, or other means, and that such disposition would not affect any vested or inchoate interest of the wife in such property. It is sufficient to say, however, that the question is not so much one of the disposition of personal property as it is one of the fraudulent covering of an ownership of real estate. Here the husband purchased and paid the full consideration for the lands in question; he reserved to himself not only a life estate, under which he enjoyed the full uses of the lands, but he reserved such absolute dominion over the fee as to stay the operation of the colorable trust until after his death, and to control, without limitation or restriction, the sale of the fee, and the proceeds of the sale, it was carefully provided, should return to him. A mere statement of the transaction discloses more than a life estate in the husband, more than a mere equity in the fee, and at least a legal fee charged only with a trust which, during the life of the husband, was executed fully by the signing of a deed to a purchaser from the *cestui que trust,* the husband and father. Such a trust has no validity and the trustee possesses only a naked or nominal title, which does not impair the full ownership of the *cestui que trust* or beneficiary. This conclusion is sustained by the statute and needs no resort to the adjudications. R. S. 1894, section 3403 (R. S. 1881, section 2981), provides that "a conveyance or devise of lands to a trustee, whose title is nominal only, and who has no power of disposition or management of such lands, is void as to the trustee, and shall be deemed a direct conveyance or devise to the beneficiary."

Leaving out of view, for the moment, the element of

the deed directing disposition of the property after the death of Daniel B. Stroup, we have no doubt that he was the only beneficiary and possessed full power of disposition and management, and that the named trustee had no such power and possessed but a nominal title.

*Gaylord* v. *Dodge*, 31 Ind. 41, was a suit by a widow to enforce her claim, as widow, to one-third of certain lands purchased by her husband and conveyed by his vendor, without condition or limitation, to her stepson. By independent express trust, the grantee agreed to hold the lands in trust for and to convey absolutely to certain other children of the husband upon request of the donor. The claim was defeated upon the ground that there was no trust created in favor of the donor; that the children took the fee under the deed coupled with said trust, and that therefore the husband was not at any time seized in fee and had no equitable interest at the date of his death, the conveyance by the trustee to the children having been executed.

If the converse of this holding can be maintained, and we have no doubt that it can, the presence of a trust in favor of the donor under which no estate was vested in another, and the absolute power of disposition and management were reserved to him, the statute would operate on the conveyance itself and execute the use, by declaring the conveyance void as to the trustee, and as directly vesting title in the beneficiary.

The trust, as created, gave no present interest or title to the appellees, no right enforceable against Daniel B. Stroup in his lifetime, no property right then the subject of sale and conveyance, no interest not completely subject to the control, even to the extent of revocation by him in case he should desire to sell the property. As to the appellees, by the expressed conditions of the trust,.

the trust interest did not commence or arise until the death of their father, he not then having sold the land.

The deed in question differs from those in *Spencer* v. *Robbins*, 106 Ind. 580, and *Cates* v. *Cates*, 135 Ind. 272, where the deeds directly and unequivocally conveyed a fee to the grantee and followed the language of the grant with words held simply to postpone the enjoyment of the fee until after the death of the grantor. Here we have no grant to the appellees upon a condition postponing the enjoyment of the estate granted, but we have a grant to a trustee whose primary *cestui que trust* is the father, and the condition is a part of the trust and postpones ownership and title until after the death of the father, he not then having sold the land.

"An instrument, having otherwise the formalities of a deed, will be construed to operate as a deed, whenever it appears therefrom that it was the intent of the maker to convey any estate or interest whatever, to vest upon the execution of the paper. If, however, it appears that all the estate which it was the purpose to convey was reserved to the grantor during his life, and the deed was only to take effect upon the death of the grantor, it will be construed to be testamentary in its character." *Spencer* v. *Robbins*, *supra*; *Wall* v. *Wall*, 30 Miss. 91; 19 Cent. L. J. 46; *Leaver* v. *Gauss*, 62 Iowa, 314; *Turner* v. *Scott*, 51 Penn. St. 126.

In 19 Cent. L. J. 46 will be found an extended collection of the cases upon the subject of deeds of a testamentary character, and there, as in the cases we have cited, it is clearly and firmly settled that the pivotal question is the intention of the grantor. If to postpone title and enjoyment until after his death, it is testamentary; if to confer title and postpone the enjoyment thereof, it is a deed. Under the allegations of the complaint before us, and upon the face of the deed, it was

manifest that the intention of Daniel B. Stroup was to reserve all title, power of disposition, and management to himself, and to provide for a disposition of the property upon his death. The conveyance was what some of the judges have called "a will in disguise." It is unnecessary to decide whether, as a will, it is valid and effective to devise any part of the lands to the appellees. When we have found that as a deed it conveyed no interest to them, and that under the statute of trusts and uses the deed is "deemed a direct conveyance" to Daniel B. Stroup, we have met the most serious objection to the complaint, namely: that he never became seized and no interest existed to which the widow's marital rights could attach. Absolute seizin, during coverture, is not always necessary to the enforcement of the widow's interest.

The statute creating the interest, R. S. 1894, section 2652; R. S. 1881, section 2491, provides that "A surviving wife is entitled, * * to one-third of all the real estate of which her husband may have been seized in fee-simple at any time during the marriage, and in the conveyance of which she may not have joined, in due form of law, and also of all lands in which her husband had an equitable interest at the time of his death. * * * " If the reservations of the deed in question did not, by the aid of the statute of trusts and uses, arise to the force of an estate in fee-simple, he certainly held, by virtue of such reservations, an equitable interest at the time of his death. As we have shown, he paid the purchase-money, and held, by the express provisions of the trust, the uncontrolled power of sale to his own use and benefit, and if the fee had been nominally in the trustee, that power of sale to his exclusive use was enforcible in a court of chancery to the utter destruction of such nominal fee, and its full results inure to the

Stroup *v.* Stroup *et al.*

benefit of Daniel B. Stroup. If, however, this equitable interest, held by him at the time of his death, was not of that character contemplated by the statute last cited, it at least illustrates the proposition that an absolute seizure, is not in all cases indispensable. Another illustration of this proposition is found in those cases which hold that conveyances in anticipation of marriage, and intended to defeat dower, are void. *Dearmond* v. *Dearmond,* 10 Ind. 191; *Swaine* v. *Perine,* 5 Johnson's Ch. 482; *Kelly* v. *McGrath,* 70 Ala. 75; *Petty* v. *Petty,* 4 B. Mon. 215; *Jones* v. *Jones,* 64 Wis. 301; *Lake* v. *Nolan,* (Mich.) 45 N. W. Rep. 376; *Youngs* v. *Carter,* 10 Hun, 194, 14 Cent. L. J. 102; Boone Real Property, section 56; Tiedeman Real Property, section 126.

The last named author, section 121, says: "In order that the dower can attach, the husband must be seized of an estate of inheritance during coverture. But for this purpose it is not necessary that the husband should have the actual corporeal seizin. Seizin in law, with a present right to actual seizin, would be sufficient." *Mann* v. *Edson,* 39 Me. 25; *Atwood* v. *Atwood,* 22 Pick. 283; *Dunham* v. *Osborn,* 1 Paige 635; *Thompson* v. *Thompson,* 10 Ired. 133; *McIntire* v. *McIntire,* 47 Hun, 289.

What we have said as to the effect of the statute of trusts in its operation upon the deed in question would be sufficient for the purposes of this case. and would secure the claim of the plaintiff, but. we may add that while the authorities are in conflict, the weight of authority is certainly in support of the conclusion that where the husband, intending to defeat the claim of his wife to dower, secures a conveyance of lands, purchased by him, to be made but colorably to another, and securing to himself the full use, control and. disposition of the property, such conveyance is fraudu-

lent as against the wife, and she may, before or after his death, recover that part of the lands which, under the law, would have fallen to her in case the conveyance had been to her husband instead of by the colorable device which held the actual seizin from him. *McGee* v. *McGee,* 4 Ired. (N. C.) 105; *Dunnock* v. *Dunnock,* 3 Md. Ch. 140; *Hays* v. *Henry,* 1 Md. Ch. 337; *Crecelius* v. *Horst,* 4 Mo. 419; *Buzick* v. *Buzick,* 44 Iowa, 259; *Thayer* v. *Thayer,* 14 Vt. 107; *Sanborn* v. *Lang,* 41 Md. 107; *Gilson* v. *Hutchinson,* 120 Mass. 27; *Rabbitt* v. *Gaither,* 8 Atl. Rep. 744; *Tucker* v. *Tucker,* 29 Mo. 350; *Stone* v. *Stone,* 18 Mo. 389; *Jenny* v. *Jenny,* 24 Vt. 324.

In our judgment, the facts stated in each paragraph of the complaint stated a cause of action, and, if proven, would entitle the appellant to the relief prayed.

The judgment of the circuit court is therefore reversed, with instructions to overrule the demurrer to said complaint.

HOWARD, J., did not participate.

