Frain v. Burgett.

---

## FRAIN ET AL. v. BURGETT ET AL.

[No. 18,343. Filed May 24, 1898. Rehearing denied Dec. 30, 1898.]

| 152 | 55 |
| 160 | 10 |

| 152 | 55 |
| 166 | 420 |
| f168 | 515 |

| 152 | 55 |
| 169 | 324 |
| f170 | 229 |
| f170 | 281 |
| 170 | 313 |

HUSBAND AND WIFE.—*Purchase-Money Mortgage Executed by Husband Alone.—Foreclosure.—Inchoate Interest of Wife.*—A purchaser of real estate at a foreclosure sale under a mortgage executed by the husband alone takes under such sale nothing more than the interest or title of the husband, which does not embrace the inchoate interest of the wife; and if the mortgage be for purchase money it is then held by the purchaser subject to the right of the wife to redeem in the manner and under the conditions provided by law. *pp. 59, 60.*

DEEDS.—*After-Acquired Title.—Husband and Wife.—Mortgages.—Foreclosure.—Inchoate Interest of Wife.—Redemption.*—A grantor conveyed land giving only a certificate of purchase. The land was afterward conveyed by successive warranty deeds. The last grantee mortgaged same for the purchase money, his wife not joining therein, and the mortgage was foreclosed without making the wife a party. After the foreclosure, and pending the sale, the original grantor executed a warranty deed to the last grantor. *Held,* that

such deed related back and vested the after-acquired title in gran-
tee as of the date of his deed; that the inchoate interest of grantee's
wife also attached as of that date; that the purchaser at the fore-
closure sale acquired the legal title to the land, subject to the right
of the wife to redeem as to her one-third interest in the manner
provided by law.  *pp. 60-65.*

PLEADING.—*Demurrer.—Motion to Make More Specific.*—The fact
that a pleading is not as certain and specific as the rules of good
pleading require will not, as a general rule, render it bad on de-
murrer.  Objection to a pleading on the ground that it is uncertain
must be interposed by motion to make more specific.  *p. 61.*

SAME.—*Specific Facts Control.*—The sufficiency of a pleading depends
upon the specific facts alleged, and not upon the mere conclusions
of the pleader.  *p. 62.*

HUSBAND AND WIFE.—*Inchoate Interest of Wife in Lands of Husband.*
—A wife cannot be said to take the interest given her by section
2491 R. S. 1881, through her husband, but such interest attaches as
an incident to his seizin during coverture, and cannot be devested
through any charge or conveyance made by him, unless she joins
therein.  *p. 66.*

ESTOPPEL.—*Pleading.*—Matters creating an estoppel must be specially
pleaded.  *p. 69.*

From the White Circuit Court.  *Reversed.*

*A. W. Reynolds, A. K. Sills, Stewart T. McConnell*
and *Albert G. Jenkines,* for appellants.

*S. P. Baird, E. B. Sellers* and *W. E. Uhl,* for appellees.

JORDAN, J.—Appellants originally instituted this action
by a complaint in six paragraphs, whereby they sought to re-
deem certain described lands from a mortgage executed to
secure the purchase money thereof.  A demurrer was sus-
tained to the sixth paragraph of the complaint, and there-
after the plaintiffs dismissed all of the remaining paragraphs,
and refused to plead further, and elected to stand by their
sixth paragraph, and judgment was rendered in favor of the
defendants, from which this appeal is prosecuted.

The action of the court in sustaining the demurrer to the
paragraph in question is the only error of which appellants
complain.   The following are substantially the facts averred
in the paragraph in dispute:

In July, 1852, the board of trustees of the Wabash & Erie Canal were the owners in fee simple of the lands described in the complaint, consisting of 320 acres, situated in White county, Indiana. On the 5th day of July, 1852, Austin M. Puett purchased this land from the said board of trustees and received a certificate of purchase for the same and entered into possession of the land, and thereafter paid the taxes thereon. In 1856, Puett, for a valuable consideration, sold the lands to Ashabel P. Willard and James G. Gwin, and assigned and delivered to them his certificate of purchase, and they went into possession of said real estate under said sale and transfer. On February 13, 1856, Willard, for a valuable consideration, sold and conveyed the real estate in question by general warranty deed to Gwyn, and put the latter in full possession thereof under said warranty deed. Gwin immediately made lasting and valuable improvements upon the land, and on the 1st day of April, 1856, he, it is averred, being still the owner in fee simple, and in possession of the real estate, sold and conveyed it by a warranty deed, in fee simple, for a valuable consideration, to one George Frain, and put said Frain in full possession thereof, and the said grantee made lasting and valuable improvements thereon. Said board of trustees did not execute a deed for said real estate until December 3, 1857, when, upon the payment of the purchase money for said land, said board, by deed, conveyed the legal title of said real estate to Gwin. The plaintiff Catharine Frain is the widow of George Frain, who died at White county in 1894. Prior to April 1, 1856, she became the wife of said Frain, and continued as such until his death. On October 3, 1857, one Miller recovered a judgment against the said George Frain in the White Circuit Court for $716.75, together with a foreclosure of the mortgage upon the said real estate. This mortgage was a purchase-money mortgage, and Mrs. Frain, the appellant, did not join her husband in the execution thereof, and was not made a party to the suit of foreclosure, and had no knowledge or

notice of this suit until shortly before this action was commenced. On December 14, 1857, the real estate was sold by the sheriff under said decree of foreclosure to one Hays for $10, who, upon payment of his bid, received from the sheriff a deed for said land. It is averred in the complaint that the said George Frain was seized in fee simple of the said real estate while he and Catharine Frain were husband and wife, and that his said wife at no time joined her husband in the conveyance of said real estate. Through mesne conveyances from Hays and wife, appellees acquired all the right, title, and interest of Hays and his wife under said sheriff's deed in and to the real estate, and their respective interests are set forth in the complaint, and the value of the rents and profits is alleged. Since the death of George Frain, his widow has conveyed, as alleged, in fee simple, to her co-appellants herein, for a valuable consideration, the undivided one-sixth of said real estate, and that appellants, as it is alleged, now hold and own the same.

It is contended by counsel for appellants that these facts, considered as a whole, show that George Frain was seized in fee simple of the lands in controversy during his marriage with the appellant, Catharine Frain, and as it further appears that she never joined her husband in any manner in the conveyance of the real estate in dispute, therefore, at his death she became absolutely seized of the one-third interest which the statute awards her, subject to the purchase-money mortgage mentioned, and that by reason of these facts, and the further fact that she was not a party to the action of foreclosure, she is entitled to redeem. Appellees, however, insist that, from the facts, it is disclosed that appellant's husband was never seized, at any time during the coverture, with any other than the equitable title or estate in the land, and of this title, they claim, he is shown to have been devested before his death; hence appellant, Catharine Frain, as surviving wife, has no interest in the land.

Section 27 of the statute of descents in this State, being section 2491 R. S. 1881, section 2652 Burns 1894, provides as follows: "A surviving wife is entitled, except as in section 17 excepted, to one-third of all the real estate of which her husband may have been seized in fee simple at any time during the marriage, and in the conveyance of which she may not have joined, in due form of law, and also of all lands in which her husband had an equitable interest at the time of his death." Section 2499 R. S. 1881, section 2660 Burns 1894, provides: "No act or conveyance, performed or executed by the husband without the assent of his wife, evidenced by her acknowledgment thereof in the manner required by law; nor any sale, disposition, transfer or incumbrance of the husband's property, by virtue of any decree, execution or mortgage to which she shall not be party (except as provided otherwise in this act), shall prejudice or extinguish the right of the wife to her third of his lands, *     * or preclude her from the recovery thereof, if otherwise entitled thereto."

This interest of the wife attaches as an incident to the seizin of the husband during the marriage, and no act or conveyance by the husband, nor charge in respect to the land, without the wife joining him therein, can serve to devest or extinguish her interest. *Grissom* v. *Moore*, 106 Ind. 296. As the husband can do nothing, by reason of this statute, that can affect the inchoate interest of the wife when it has once attached to the land, it is evident that if the real estate is sold and conveyed, either directly by himself or through the medium of an officer of the court, as in the case at bar, in satisfaction of a mortgage executed by the husband, the wife not joining, the purchaser takes under such sale nothing more than the interest or title of the husband, which does not embrace the inchoate interest of the wife. Hence it is taken and held by such purchaser subject to the interest of the wife, and if the mortgage be for purchase money, it is then held subject to her right to redeem in the manner and under

the conditions provided by law. This court has held, and properly so, that, under our statutes the interest of the wife in the husband's real estate is not an encumbrance, but is an estate in the land. It is more than the right of dower as it formerly existed, for there is no reversionary interest in the party who claims through the husband. *Beaver* v. *North,* 107 Ind. 544.

The principal question with which we have to deal in this case is: Can George Frain, the husband, under the facts, be said to have been seized in fee simple of the real estate at any time during his marriage? If so, then by reason of this fact, taken in connection with the other facts alleged in the complaint, appellant would be entitled to the right of redemption which she seeks in this action. *Barr* v. *Vanalstine,* 120 Ind. 590; *Brenner* v. *Quick,* 88 Ind. 546. An estate in fee simple is the highest known to the law, and is defined to be one of absolute inheritance, free from any conditions, limitations, or restrictions as to particular heirs. Anderson's Law Dict., p. 451; 1 Bouvier's Law Dict., p. 649. It is true that seizin of the husband in fee simple in the land during the marriage is an essential prerequisite to the attaching of the wife's interest. However, in order that her interest may attach, the law does not require nor contemplate that an absolute seizin on the part of the husband during the coverture in all cases must exist. In Tiedeman on Real Prop., section 121, the author says: "In order that dower can attach, the husband must be seized of an estate of inheritance during coverture. But for this purpose it is not necessary that the husband should have the actual corporeal seizin. Seizin in law, with the present right to actual seizin would be sufficient." See, also, *Mann* v. *Edson,* 39 Me. 25; *Atwood* v. *Atwood,* 22 Pick. 283; *Dunham* v. *Osborne,* 1 Paige, 634; *Thomas* v. *Thomas,* 10 Ired. 123; *McIntire* v. *Costello,* 47 Hun 289; *Stroup* v. *Stroup,* 140 Ind. 179.

Accepting the facts as they are averred in the complaint, they disclose that the board of trustees of the Wabash &

Erie Canal was in July, 1852, the owner, in fee simple, of the land involved in this action. On the 5th of that month the board sold the land to Puett and issued to him a certificate of purchase. Puett seems to have entered into possession of the land, paid the taxes thereon,—all of which may be said to have been the exercise by him of acts of ownership. Some time prior to the 13th day of February, 1856, Puett sold the real estate to Willard and Gwin, and assigned in writing and delivered to them his certificate of purchase. On February 13, 1856, Willard sold and conveyed the real estate in fee simple, as it is alleged, to Gwin, and the said vendee immediately thereafter went into possession and made valuable and lasting improvements thereon. On April 1, 1856, it is alleged that Gwin, being the owner in fee simple of the land, conveyed it by a general warranty deed, for a valuable consideration, to George Frain, and that the latter entered into possession thereof and made valuable and lasting improvements. On the 3rd day of December, 1857, after the foreclosure proceedings and before the sale thereunder, the board of trustees of the Wabash & Erie Canal, by deed, conveyed the legal title to the real estate to Gwin. It is true, as appellees urge, that the complaint does not disclose when the mortgage was executed, but it does appear from its averments that the mortgage was for purchase money, and that the wife, Catharine Frain, did not join her said husband in its execution. While the complaint may be said to be open to the objections that it is not as certain and specific in some respects as the rules of good pleading require, still, this will not, as a general rule, of itself render it bad on demurrer. *City of Connersville* v. *Connersville, etc., Co.*, 86 Ind. 235, and cases there cited.

Ordinarily, objections to a pleading upon the ground that it is uncertain must be interposed by a motion to make more specific. *Peden* v. *Mail*, 118 Ind. 556. But we think it may be said to be disclosed that George Frain executed the mortgage, for it is averred that the wife did not join her husband

in the execution of this instrument. The allegations that the land was conveyed to Frain in fee simple during the marriage, and of his subsequent death, appear at least to make a *prima facie* case as to her interest in favor of the surviving wife. But it is insisted by the appellees that the specific averments in a pleading must control the general averments. In this contention counsel for appellees are right. Whether a pleading is or is not sufficient depends upon the substantive facts and not upon the mere conclusions of the pleader. General statements of facts as a rule are controlled by specific facts disclosed in the pleading. *Ragsdale* v. *Mitchell,* 97 Ind. 458; *State, ex rel.,* v. *Casteel,* 110 Ind. 174; *McPheeters* v. *Wright,* 110 Ind. 519.

Appellees claim that at the time Frain executed the mortgage, and at the time of the foreclosure thereof, he is shown by the specific facts to have held but an equitable title to the land, which, as they contend, he could mortgage or convey without the consent of his wife. They insist that it appears from the specific averments of the complaint that, at the time (April 1, 1856) when Gwin is alleged to have conveyed by warranty deed to Frain the former was not invested with the legal title; that said title still remained in the board of canal trustees, and was not conveyed to Gwin by that board until December 3, 1857; and counsel for appellees contend, adversely, however, to the contention of appellants' counsel, that this after-acquired title by Gwin did not inure to the benefit of Frain by relation back to the time when Gwin, under his deed of general warranty, as stated, conveyed to Frain. They insist that the fact that the board of trustees conveyed the legal title to Gwin on December 3, 1857, after the decree of foreclosure was rendered, but before the sale thereunder, can in no manner be available to aid or support appellants' cause of action. Appellees say: "When Gwin acquired the legal title, Frain's equitable title had, by relation, passed to the purchaser under the decree of foreclosure as of the date of the mortgage, and necessarily Gwin held the

naked title in trust, not for Frain, but for the holder of the equitable title, the purchaser at the foreclosure sale." But if it can be said, under the facts, that Gwin was not invested on April 1, 1856, when he executed his deed of conveyance to Frain, with the legal title to the land, and did not acquire such title until December 3, 1857, still these facts will not serve to defeat the interest of appellant which she claims as the surviving wife. If Gwin, when he executed his deed to Frain, was not invested with the legal title, but subsequently acquired it by a deed from the board of trustees, then the effect and operation, in contemplation of law, of the covenants of warranty in his deed to Frain, would, by relating back, actually transfer to and vest the after-acquired title in Frain, as though it had passed to him by Gwin's deed in the first instance, and Frain could be said, in the eye of the law, to have been seized in fee simple of the real estate on and from April 1, 1856, the date of the execution of the deed by Gwin to him, and the interest of his wife attached as of that date, subject to the mortgage for purchase money. That such would be the result, we think, is settled by a large majority of the authorities. The law will not only treat the after-acquired title as being in the former grantor in trust for his grantee, and hold him estopped from asserting it as against the latter, or others claiming through him, but it will consider and treat it as though it had actually passed at the time of the conveyance under the warranty deed. 19 Am. & Eng. Ency. of Law, pp. 1021, 1022, and the many cases cited in foot-note 1 on p. 1022. In 2 Devlin on Deeds (2nd ed.), section 946, the author says: "Where covenants for title are contained in the deed, the after-acquired title will pass with the same effect as if it had originally been conveyed to the grantee and his successors." Citing many cases in support of the text in foot-note 4. Washburn, in his work on Real Property, Vol. 3, 119, states the rule as follows: "The title acquired by the grantor who has conveyed by warranty inures *eo instanti* that he gains the

title to his grantee and vests in him." Rawle asserts the same doctrine, as follows: "As a general rule, any after-acquired title will inure by virtue of the warranty to the party claiming under such warranty with the same effect as if it had originally passed." Rawle Covenants of Title (3rd ed.), p. 412, *et seq.* Maupin, in his work on marketable titles to real estate, section 213, says: "It seems to be established in America that the effect of an estoppel arising from the covenants or recitals by the grantor in his deed, is to actually transfer the after-acquired estate to the grantee, so as to obviate the necessity of a second conveyance of the premises." The following authorities also support or affirm this doctrine: 2 Herman on Estop., section 229 *et seq.; Fisher* v. *Hallock,* 50 Mich. 463; *Woods* v. *Bonner,* 89 Tenn. 411; *Philly* v. *Sanders,* 11 Ohio St. 490. In fact, the same rule is recognized by the decisions of this court. See *Booker* v. *Tartwater,* 138 Ind. 385, on p. 391, and cases cited; *Randall* v. *Lowler,* 98 Ind. 255.

It must follow, under the facts, and we so hold, that Frain became seized in fee in the lands at the time of the conveyance of Gwin to him, and that being during the coverture, the wife's inchoate interest immediately attached upon the seizin of her husband. Both parties in this action claim through Frain. Hence the after-acquired legal title, passing, as it did, by relation back to the date of the execution of Gwin's deed,—which we must presume, under the facts, was executed prior to the execution of the mortgage through which appellees claim title,—it also inured to their benefit, as, under the foreclosure sale, the legal title of the husband to the lands, subject to his wife's rights, passed to the purchaser at such sale, and therefore such title inures to the benefit of the appellees. Appellees, then, under the circumstances,—holding as it may be said they do, the interest to which they are entitled in the lands, in fee simple, by virtue of the sale and conveyance under the mortgage to their remote grantor,—certainly cannot be heard to assert that

Frain, the common source through whom both parties claim title, was not seized in fee simple at the time he made the mortgage in question; or, in other words, they cannot, under the circumstances, accept the benefits inuring from the after-acquired title, and at the same time deny that Frain was seized in fee simple at the time he executed the mortgage. The complaint stated a cause of action, and the court erred in sustaining the demurrer thereto. The judgment is therefore reversed, and the cause remanded to the lower court.

### ON PETITION FOR REHEARING.

JORDAN, J.—Counsel for appellees, in their brief filed in support of the petition for rehearing, have very elaborately and ably presented their views adverse to the holding in this case at the former hearing, which was to the effect that George Frain, husband of appellant, Catharine Frain, was seized in fee of the real estate in controversy by relation back of the title to him from Gwin, his immediate grantor, when the latter acquired title to the land by conveyance from the canal trustees, and that the inchoate interest given to appellant by the statute attached to the realty by virtue of such seizin on the part of her husband, and, as she was not made a party to the foreclosure of the mortgage in question, her equity of redemption had not been barred. At the earnest solicitation of appellees' learned counsel, we have again given the questions involved a careful consideration in the light of the authorities, and are confirmed that the conclusion reached in the original opinion is correct. At the time Miller, who appears to have been the holder of the mortgage executed by George Frain, instituted the action against him, the latter was invested with the equitable title only, the legal title to the lands at the time being, as we have seen, still in the canal trustees. After the rendition of the judgment in that action, and some eleven days before the purchase of the land by

Hays at the sheriff's sale under the foreclosure decree, the canal trustees conveyed the land to Gwin. It is manifest, we think, that whatever legal title Hays, the purchaser at the sheriff's sale, obtained to the land, came to him under his said purchase, by virtue of the after-acquired title by Gwin through the conveyance of the canal trustees, which conveyance, as held, in effect served to transfer the real estate in fee to Frain, the mortgagor, through Gwin, by virtue of the latter's conveyance of April 1, 1856. It must also follow, perforce of the authorities cited in the original opinion, that when the legal effect or operation of the conveyance by the trustees to Gwin, under the circumstances in the case, is considered, the result must be the same, so far as appellant's inchoate interest is concerned, as though her husband had been actually invested with the legal title to the land under or by the warranty deed executed by Gwin to him. Counsel for appellees are mistaken in their assertion that appellant acquired her interest in one-third of the land in dispute through her husband. Under section 2491 R. S. 1881, section 2652 Burns 1894, a wife cannot be said to take the interest given her under its provisions through her husband. She takes it, it is true, through the same title that he does, encumbered with and subject to the same liens, infirmities, and liabilities as is his title. Her right or interest in the lands begins with his seizin during coverture, and it attaches as an incident to such seizin, and it cannot be defeated or devested through any charge or conveyance made by him, unless the wife joins therein. *Grissom* v. *Moore*, 106 Ind. 296. This inchoate right of the wife, under our statutes, is considered not in the nature of an encumbrance, but as an interest or estate in the land itself, and is unlike that of the right of dower, for there is no reversionary interest in the person who claims through the husband. *Bever* v. *North*, 107 Ind. 544. She acquires this interest, not as an heir, but by virtue of her marital rights. Where a husband is seized in fee of lands at any time during his marriage, and his title is devested by the means of

any encumbrance or conveyance made by him in which his wife did not join, the latter, at his death, under section 2491, *supra*, is deemed as taking her interest therein as a purchaser for value, for marriage is the highest consideration known to the law.   *Richardson* v. *Schultz*, 98 Ind. 429; *Bookout* v. *Bookout*, 150 Ind. 63.

It is earnestly insisted by counsel for appellees that at the time the mortgage was foreclosed, George Frain, husband of appellant, was the only person, as they assert, who had any interest in the mortgaged premises, and inasmuch as appellant's interest had not attached at the time of the foreclosure, and as she claims through her husband, her right to redeem is barred by the foreclosure decree, by reason of his being a party thereto.   But, as heretofore said, it is not true that appellant must be held to claim her interest in the land through her husband.   Neither does she profess so to claim it.   Neither is it true that her husband at that time was the only one interested in the mortgaged premises.   The legal title thereto at that time, as we have seen, was in the canal trustees, and they were not made a party to the action.   The holder of the mortgage apparently instituted and prosecuted his action to foreclose the same upon the theory that George Frain was the only necessary or proper party defendant, and it may be said, under the circumstances, that the mortgage was not actually foreclosed against any one, at that time, who was invested with the legal title to the land.   Appellant's husband, at the time of the foreclosure proceedings, for aught appearing to the contrary, under the facts, did have a present right to become actually seized in fee of the land in controversy, and upon such seizin the interest of his wife would thereby attach, and this fact certainly put the wife in a position of having such an interest in the land as would render her a proper party, at least, to the foreclosure suit, in order that she might be bound thereby in the event her husband became actually seized of the land in fee, as he did by vir-

tue of the after-acquired title under the conveyance of the trustees to Gwin.

Surely it cannot be insisted that if the canal trustees, who were not parties to the foreclosure proceedings, had thereafter conveyed the legal title to either appellant or her husband, instead of to Gwin, as they did, that she would be bound by the decree, and her equity of redemption, or other rights in the land, would thereby be entirely cut off and barred. Again, the statute, as we have seen, also gives the surviving wife her interest in all lands in which the husband had an equitable interest at the time of his death. In the event appellant's husband had died after the foreclosure proceedings, but before his equitable interest in the land had passed from him by the sheriff's sale, certainly, under such circumstances, she would not have been barred of her rights by the decree of the court to which she was not a party; and to this extent also, at least, she was a proper party to the action instituted to foreclose the mortgage against her husband. Simply making the husband a party, under the circumstances in this case, could not affect the wife in any manner; for the husband in no sense can be said to be her representative in reference to her inchoate interest in his lands. Appellant, as we have seen, does not profess to claim her interest and rights, which she is seeking to maintain in this action, through her deceased husband, but she asserts them by virtue of her marital rights under his seizin through the conveyance in question of the canal trustees which, we may again affirm, had the effect and operation, in contemplation of law, of placing her, in respect to her inchoate interest, in the same condition as though her husband had obtained the legal title to the land under the warranty deed executed by Gwin to him on April 1, 1856.

We may, however, dismiss this feature of the case, in relation to the effect of the decree upon appellant's rights in the premises, as she, under her complaint, simply seeks an accounting, in order that it may be ascertained by the court

what amount is due appellees, and, upon payment thereof, that she may be permitted to redeem one-third of the land in dispute from the mortgage, etc.  The effect of our decision at the former hearing was that, under the facts alleged in the complaint, a *prima facie* case in favor of the rights which she asserted was thereby presented.  If, for any reason, appellant is estopped by the foreclosure decree or by the rights of innocent parties, etc., as insisted by appellees, and which are said to enter into the case, all such defenses can be interposed by answer, and, if sufficient, may be made available. Under the code, matters creating an estoppel must be specially pleaded.  *Center School Township* v. *State, ex rel.*, 150 Ind. 168, and cases there cited.

The petition is overruled.  All concurring, except McCabe, J., dissenting.